UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| B&H Foto & Electronics Corp., <br><br> Plaintiff, <br> v. <br><br> EarthCam, Inc., <br><br> Defendant. | Civil Action No. <br><br> **COMPLAINT AND JURY DEMAND** |

Plaintiff B&H Foto & Electronics Corp. ("Plaintiff" or "B&H"), by and through its attorneys, Akerman LLP, as and for its Complaint, alleges as follows:

## NATURE OF THE ACTION

1. This action seeks money damages from Defendant EarthCam, Inc. ("Defendant" or "EarthCam") for its failure to pay for merchandise that B&H delivered to EarthCam pursuant to a contractual relationship between the parties. Despite full and satisfactory performance by B&H, EarthCam has failed to pay B&H the amounts due and owing pursuant to 41 invoices, and in the amount of $818,158.95.

## THE PARTIES

2. Plaintiff B&H is a New York corporation with its principal place of business at 420 Ninth Avenue, New York, New York 10001.

3. Defendant EarthCam is a Delaware corporation with its principal place of business at 650 East Crescent Avenue, Upper Saddle River, New Jersey 07458.

## JURISDICTION AND VENUE

4. Personal jurisdiction is proper over EarthCam pursuant to New York Civil Practice Law and Rules § 301 because EarthCam executed the Sales Agreement (defined herein) through

which EarthCam consented to the jurisdiction of the State of New York.  Personal jurisdiction is also proper over EarthCam because, upon information and belief, EarthCam regularly conducts business in the State of New York and purposefully avails itself of the benefits of doing business in the jurisdiction.

5. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omission giving rise to the claim occurred within this judicial district and because EarthCam executed the Sales Agreement through which it consented venue in this district.

## FACTUAL BACKGROUND

**A.     Agreement for Sale of Goods**

7. On or about November 6, 2019, B&H and EarthCam entered into the Agreement for Sale of Goods (the "Sales Agreement"), which outlined the terms on which EarthCam could in the future place orders with B&H for photo, computer, software, audio and video merchandise.

8. The Sales Agreement provides that EarthCam "will assume full responsibility for [deliveries'] security and possession upon receipt."

9. Incorporating B&H's Return Policy, the Sales Agreement permits EarthCam to return to B&H undamaged and unopened deliveries for any reason not later than 30 days following EarthCam's receipt thereof.

10. The Sales Agreement provides that B&H will invoice EarthCam for the merchandise ordered by EarthCam and delivered, and requires EarthCam to make payment net 45 days from the invoice date.

11. The Sales Agreement provides that merchandise will be used "solely" for EarthCam's own use and will not be resold by EarthCam to any third-party.

12. The Sales Agreement provides that it will be interpreted and enforced according to the laws of the State of New York, and that any disputes arising out of the agreement will be heard only in a state or federal court of competent jurisdiction located in New York County.

13. The Sales Agreement cannot be amended except by writing signed by both parties.

**B.  EarthCam Orders and Accepts Delivery of B&H Merchandise**

14. EarthCam opened an account with B&H and began to place orders from B&H.

15. B&H shipped merchandise to EarthCam's facility at 650 E. Crescent Avenue, Saddle River, New Jersey 07458 by prepaid certified FedEx delivery, and after EarthCam accepted each delivery (each FedEx receipt was signed, upon information and belief, by an authorized EarthCam representative), B&H sent EarthCam an invoice for the delivered merchandise.

16. Each invoice specified the quantity, type, and price of the delivered merchandise.

17. Between October 2, 2022, and May 4, 2023, B&H sent EarthCam a total of 41 invoices for merchandise ordered by EarthCam and delivered to EarthCam's Saddle River facility.

18. The cumulative outstanding value of these 41 invoices is $818,158.95.

19. Payment on each invoice was due net 45 of the invoice date, and the last invoice came due on June 18, 2023.

**C.  The Parties' Dispute**

20. On or about March 31, 2023, EarthCam's Vice President for Supply Chain & Special Projects Charles Dilkes emailed B&H to inform the company that EarthCam's Controller had departed the company "very sudden[ly]."

21. Dilkes stated that, while he would not "get into the how and why of [the

Controller's] departure," EarthCam was "trying to get a handle on things. Paperwork was scattered." Dilkes stated that EarthCam knew that "we have invoices past due and are working on another cheek [sic] run."

22. Dilkes concluded by asking B&H to "[p]lease help us work through this transitional period. We have always been a good customer for a long time and right now we have to make sure we are checking everything."

23. On or about April 1, 2023, EarthCam sent B&H a partial payment of $27,735.00.

24. On or about May 1, 2023, B&H reached out to EarthCam concerning the status of the company's unpaid invoices. EarthCam acknowledged its obligation to pay the outstanding amounts but would not commit to a specific payment deadline. EarthCam instead stated that a full payment would be made in "around" 60 days, or by about June 30, 2023.

25. On or about May 4, 2023, B&H again spoke with EarthCam concerning the company's unpaid invoices. EarthCam assured B&H that it was not experiencing cash flow issues, and reiterated that payment was delayed because EarthCam needed time to organize its files following its Comptroller's abrupt departure. EarthCam mentioned that a software company had been hired to help organize the company's books.

26. In response, B&H informed EarthCam that it was placing EarthCam's account on hold and would not deliver additional merchandise until the outstanding 41 invoices were paid.

27. On or about May 8, 2023, upon information and belief, Charles Dilkes was arrested for stealing cameras from EarthCam worth at least $75,000 and for selling them to a third-party for his own profit. B&H sold cameras to EarthCam pursuant to the 41 unpaid invoices of the same make and model as those resold by Dilkes to third-parties.

28. B&H has been unable to directly reach EarthCam since May 8, 2023.

29. On July 12, 2023, counsel for B&H sent EarthCam a letter demanding full payment on the unpaid 41 invoices, in the amount of $820,481.55 (the "Demand Letter").

30. The Demand Letter explained that B&H delivered the merchandise in question, that B&H provided EarthCam with contemporaneous invoices for the merchandise, and that EarthCam's payment remained outstanding without protest.

31. The Demand Letter further noted that B&H would promptly commence legal action against EarthCam if EarthCam did not make full payment by July 21, 2023.

32. On July 20, 2023, EarthCam's counsel responded to the Demand Letter with a letter stating that EarthCam took the position that it "does not owe balance [sic] of $820,481.55 or any money to [B&H]."

## FIRST CLAIM FOR RELIEF
*(Breach of Contract)*

33. B&H repeats and realleges each and every proceeding allegation as if fully set forth herein.

34. B&H and EarthCam entered into an ongoing contractual relationship pursuant to which B&H provided EarthCam with photo, computer, software, audio, and video merchandise, and in exchange, EarthCam became obligated to pay for the merchandise.

35. Upon receipt of an order from EarthCam, B&H delivered merchandise to EarthCam, and after EarthCam accepted delivery, the parties memorialized the order in a proforma invoice which specified the quantity, types, and prices of the merchandise ordered and delivered.

36. Each invoice was accepted by EarthCam, and each delivery to EarthCam was signed for and acknowledged by an authorized representative of EarthCam.

37. EarthCam breached its contract with B&H by failing to timely pay B&H the amounts due and owing pursuant to 41 invoices, for merchandise which B&H delivered to EarthCam and which EarthCam accepted.

38. B&H has fully performed its obligations under each of the 41 invoices.

39. As a direct and proximate result of EarthCam's breach of contract, B&H has been damaged in amount to be determined at trial, but not less than $818,158.95.

## SECOND CLAIM FOR RELIEF
*(Account Stated)*

40. B&H repeats and realleges each and every proceeding allegation as if fully set forth herein.

41. B&H and EarthCam entered into an ongoing contractual relationship pursuant to which B&H provided EarthCam with photo, computer, software, audio, and video merchandise, and in exchange, EarthCam became obligated to pay for the merchandise.

42. Upon receipt of an order from EarthCam, B&H delivered merchandise to EarthCam, and after EarthCam accepted delivery, the parties memorialized the order in a proforma invoice which specified the quantity, types, and prices of the merchandise ordered and delivered.

43. Each invoice was accepted by EarthCam, and each delivery to EarthCam was signed for and acknowledged by an authorized representative of EarthCam.

44. EarthCam acknowledged that it owed the amounts stated by the 41 invoices for merchandise delivered to EarthCam by B&H.

45. EarthCam did not dispute or object to the amount stated in any of the 41 invoices until B&H threatened litigation.

46. B&H has demanded payment from EarthCam for the outstanding balance owed on the 41 invoices, but EarthCam has failed to pay.

47. To date, B&H has received only partial payment on the 41 invoices, and an amount of not less than $818,158.95 of the account stated remains due and owing.

48. As a direct and proximate result of the foregoing, B&H has been damaged in amount to be determined at trial, but not less than $818,158.95.

### THIRD CLAIM FOR RELIEF
*(Quantum Valebant—Alternatively Pled to the First Claim for Relief)*

49. B&H repeats and realleges each and every proceeding allegation as if fully set forth herein.

50. At the request and direction of EarthCam, B&H furnished merchandise to and for the benefit of EarthCam, fully expecting compensation for such merchandise.

51. B&H furnished and delivered the merchandise in good faith.

52. EarthCam received, accepted, and enjoyed the benefits of the merchandise furnished and provided by B&H.

53. The parties memorialized each order in a proforma invoice which specified the quantity, types, and prices of the merchandise ordered and delivered.

54. Each invoice was accepted by EarthCam, and each delivery to EarthCam was signed for and acknowledged by an authorized representative of EarthCam.

55. B&H expected compensation for the merchandise provided pursuant to the 41 invoices.

56. By retaining the benefits conferred by B&H without paying for the same, EarthCam is obligated to pay B&H for the fair and reasonable value of the merchandise provided.

57. It would be inequitable for EarthCam to retain the benefits of the costs incurred by B&H for providing the merchandise without paying for its fair and reasonable value.

58. As a direct result of the foregoing, B&H is entitled to recover the fair and reasonable value of the merchandise provided to EarthCam in the amount of $818,158.95.

**WHEREFORE**, B&H respectfully demands judgment against EarthCam as follows:

(a) On the First Cause of Action, a money judgment in favor of B&H in an amount to be determined at trial, but not less than $818,158.95, plus accrued interest thereon;

(b) On the Second Cause of Action, a money judgment in favor of B&H in an amount to be determined at trial, but not less than $818,158.95, plus accrued interest thereon;

(c) On the Third Cause of Action, a money judgment in favor of B&H in an amount to be determined at trial, but not less than $818,158.95, plus accrued interest thereon;

(d) An award to B&H of its reasonable attorneys' fees, costs, and expenses; and

(e) Such other and further relief as the Court may deem appropriate.

Date:   New York, New York
        August 28, 2023

**AKERMAN LLP**

By: _____
Matthew Steinberg
Scott M. Kessler
Samuel P. Vitello
1251 Avenue of the Americas, 37th Floor
New York, New York 10020
(212) 880-3800
Matthew.Steinberg@akerman.com
Scott.Kessler@akerman.com
Samuel.Vitello@akerman.com

*Attorneys for Plaintiff*
*B&H Foto & Electronics Corp.*